UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN and, )
THEODORE GINNERY, )
 )
      Plaintiffs, )
 )
   v. ) No. 4:06-CV-1026 CAS
 )
ALAN BLAKE, )
 )
      Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the joint application of Larry Coffman and Theodore Ginnery, civil detainees under Missouri's Sexually Violent Predators Act (SVPA), Missouri Revised Statute §§ 632.480 - .513, for leave to commence this action without prepayment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is applicants' joint motion to appoint counsel [Doc. #3]. Upon consideration of the financial information provided with the joint application, the Court finds that the applicants are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

1

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Liberally construing the complaint, plaintiffs seek damages for an allegedly unlawful confinement under the SVPA.

**Discussion**

The complaint fails to state a claim upon which relief may be granted. A judgment awarding plaintiffs damages for being illegally confined would necessarily call into question the validity of their confinement. Consequently, plaintiffs cannot proceed on their damages claim unless and until the state court judgment finding that they are sexually violent predators who may be involuntarily confined has been reversed or otherwise called into question. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' joint application to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(E)(2)(b).

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this  8th  day of January, 2007.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**